# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy Case No.: 16-23697-CMB |
| CARMEN D. FUSCA | CHAPTER 11 |
| Debtor. | *Hearing Date*: November 17, 2016 @ 2:30 PM |
| ENTERPRISE BANK, | *Response Deadline*: November 10, 2016 |
| Movant, | |
| vs. | |
| CARMEN D. FUSCA and THE UNITED STATES TRUSTEE, | |
| Respondents. | |

## CONSENT ORDER OF COURT

AND NOW, to wit this _____ day of _____, 2016, upon consideration of the foregoing Motion to Allow Use of Cash Collateral and Establishing Adequate Protection ("Motion") by Enterprise Bank, and upon consent of the Debtor, said Motion being presented in open court, the following findings are made:

1. Service of the Motion filed by Enterprise Bank was completed in accordance applicable Bankruptcy Code and Bankruptcy Rules;

2. Enterprise Bank has asserted a security interest, *inter alia*, all of Debtor's and Fusca's Imperial One Hour Cleaner, Inc. right, title and interest in and to the following property, whether now existing or hereafter arising, and wherever located (hereinafter collectively the "Collateral"): Inventory, Chattel Paper, Accounts, Equipment and General Intangibles as those terms are defined in the Uniform Commercial Code as

adopted by the Commonwealth of Pennsylvania together with all proceeds from the sale, destruction, loss or other disposition of any of the Collateral (hereinafter collectively the "Cash Collateral")  which Collateral and Cash Collateral secure a $915,500.00 loan extended by Enterprise Bank to Debtor and evidenced by a certain Promissory Note, dated July 18, 2012 in the original principal amount of $915,500.00 (as the same may be amended, modified and supplemented form time to time the "Note"), which Note has an outstanding balance as of the Petition Date of $875,594.49.

3. The Loan has been defaulted and accelerated.  As a result, as of the Petition Date, Debtor is past due in the amount of $875,594.49. ("Arrears").

4. No Order for use of cash collateral has been entered in this matter to date. If the Debtor is to continue to operate under Chapter 11, the Debtor requires the immediate use of the Collateral and Cash Collateral to continue business operations, preserve its assets, pay wages and otherwise fund its business operations.

5. Enterprise Bank is willing to consent to Debtor's use of the Collateral and Cash Collateral in order that the Debtor may continue to operate its business as a Chapter 11 Debtor engaged in business so long as it provided adequate protection and its prepetition security interests are extended post-petition.

6. Enterprise Bank is amenable to permitting the Debtor to have the use of the Collateral and Cash Collateral subject to the terms and conditions of this Cash Collateral Order.

It is hereby ORDERED, ADJDUGED AND DECREED that:

(1) Nothing in this Cash Collateral Order shall be construed as a resulting in the waiver of any defaults under the Note declared by Enterprise Bank. Enterprise Bank has agreed to accept from the Debtor monthly adequate protection payments on the Note in the following manner:

    a. Beginning November 15, 2016 and continuing on the 15th day of each month thereafter until further Order of Court, Debtor shall pay Enterprise Bank the sum of $4,885.00 which sum is the equivalent to a 31 day month's interest at the non default rate of interest equal to 7.0% per annum.

(2) All payments from Debtor to Enterprise Bank shall be made in certified funds.

(3) In addition to the Collateral granted to Enterprise Bank which existing on the Petition Date, Enterprise Bank is granted a security interest in and to all of the Debtor's post petition assets, including the Collateral and Cash Collateral to the same extent and priority as existing pre-petition; provided that nothing herein shall grant Enterprise Bank a security interest in claims and causes of actions arising under Chapter 5 of the Bankruptcy Code. The post petition security interest granted herein shall not require the filing of any additional UCC financing statements and shall be retroactive to the Petition Date. To the extent that a control account agreement is required to be executed to perfect its post petition liens in accounts and proceeds thereof, Debtor and Enterprise Bank are hereby permitted to execute such account control agreements without order of court.

(4) Enterprise Bank is hereby granted a super-priority administrative claim pursuant to 507(b) to the extent of the diminution in the value of Enterprise Bank's Collateral after the Petition Date.

(5) Debtor may use the Cash Collateral only in the normal course of business of the Debtor's business activities to pay wages, taxes, reimbursements and other property withholding claims on behalf of permanent employees, part-time employees, and such casual labor as it or has been used in the past in the function of Debtor's business. In addition to this, Debtor may use the Cash Collateral to pay regular and customary bills and invoices for rent, utilities, insurance, shipping costs, and to purchase or replace inventory, supplies and/or to make those payments pursuant to the budgets and/or monthly financial reports required to be delivered to Enterprise Bank pursuant to this Order and the Loan Documents, as hereafter defined, and/or filed with this Honorable Court and permitted by the Bankruptcy Code.

(6) Debtor shall continue and observe and perform all of the terms, conditions, covenants and agreements contained in the agreement, documents, instruments evidencing the Note (hereinafter collectively referred to as the "Loan Documents", including, without limitation all reporting requirements. In addition to any reporting requirements set forth in the Loan Documents, Debtor shall also provide Enterprise Bank copies

of all monthly sales tax returns along with proof of payment thereof within seven (7) days from the date of payment. Debtor shall provide Enterprise Bank and its agents and appraisers reasonable access to the Commercial Property located at 5320 William Flynn Highway, Gibsonia, PA 15044 in order for Enterprise Bank to obtain an appraisal.

(7) On or before January 30, 2017, unless otherwise ordered by the Court, Debtor shall file with this Honorable Court a Chapter 11 Plan ("Plan") setting forth the treatment of Enterprise Bank's claim. Enterprise Bank reserves the right to object to the Disclosure Statement or Chapter 11 Plan if Enterprise Bank does not consent to the proposed treatment thereunder.

(8) Debtor shall maintain adequate insurance coverage in an amount acceptable to Enterprise Bank on all of the Collateral subject to Enterprise Bank's security interest and shall list Enterprise Bank as a mortgagee/loss payee to the extent and priority of its security interest. Upon request, the Debtor shall forthwith provide Enterprise Bank with evidence of such insurance.

(9) Any one or more of the following events shall constitute an "Event of Default" under this Cash Collateral Order:

   (a) The failure of Debtor to observe or perform any term, condition, covenant or agreement contained in this Cash Collateral Order which is not cured within ten (10) days after written notice from Enterprise Bank to Debtor and Debtor's counsel. Upon expiration of the ten (10) day cure period provided for herein, Enterprise Bank may seek Relief from the Automatic Stay or may file a Motion to Convert and/or Dismiss whichever Enterprise Bank deems appropriate under the circumstances;

   (b) The conversion to another Chapter or the filing of any application or motion by the Debtor seeking conversion or dismissal, unless consented to by Enterprise Bank;

   (c) The failure of the Debtor to file a Plan of Reorganization by or before January 30, 2017 unless an extension is granted pursuant to an Order of the Bankruptcy Court;

   (d) The entry of any final order by this Bankruptcy Court or the filing of a request by Debtor for entry of an order appointing a trustee in Debtor's Bankruptcy or appointing an examiner in such case with the authority to perform the duties of a trustee, unless consented to Enterprise Bank.

(10) Upon the occurrence of an Event of Default hereunder, Enterprise Bank's authorization to Debtor to use the Collateral and Cash Collateral shall automatically terminate without further action or notice from Enterprise Bank or the Bankruptcy Court, unless otherwise ordered by the Bankruptcy Court;

(11) This Cash Collateral Order is sufficient and conclusive evidence of Enterprise Bank's replacement liens in the Debtor's assets, without the necessity of filing, recording, or servicing any financial statements or other documents which may otherwise be required under federal or state law in any jurisdiction, or the taking of any other action to validate or perfect the security interests and liens granted to Enterprise Bank herein, and such liens, security interests, rights and protections granted herein shall continue to remain in full effect until and unless otherwise modified by the Bankruptcy Court or until the indebtedness due Enterprise Bank with respect to the Note are indefeasibly paid in full.

BY THE COURT:

_____
U.S. Bankruptcy Judge

Consented to this  4th day of November, 2016.

/s/ Joseph A. Fidler_____
Joseph A. Fidler, Esq.
Pa. ID #87325
Attorney for Enterprise Bank, Movant

/s/ David Valencik_____
David Valencik, Esq.
Pa. I.D. # 308361
Attorney for Carmen Fusca, Debtor